UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc. ("Comcast")** ) | Case No.: 1:05-cv-11157-RWZ |
| ) | |
| Plaintiff,  ) | **MOTION IN LIMINE** |
| ) | |
| vs.  ) | |
| ) | |
| **David Cardillo**  ) | |
| ) | |
| Defendant  ) | |
| ) | |

The Plaintiff, by its attorney, hereby moves *in limine* for specific evidentiary and related findings, as set forth below. Specifically, the Plaintiff contends that:

1. The Plaintiff made certain specific requests for admissions to the Defendant and that these requests were served upon his Counsel on or about February 23, 2006; a copy of said Request for Admissions document is attached hereto, incorporated herewith and marked "**Exhibit A"**; and

2. Although these Documents were being sent to an Attorney, the requests for Admissions made by the Plaintiff nonetheless specifically contained the following warnings/statements:

   "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

---

Plaintiff's Counsel makes certification, pursuant to LR D. Mass 7.1 (A) (2), and LR D 37.1 (A) that Plaintiff's Counsel wrote to the Defendant's Counsel on April 7, 2006 regarding the total lack of Discovery response and Defendant's Counsel has yet to call or contact Plaintiff's Counsel.

and

"Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

The Defendant made no response and/or objections whatsoever to the Requests for Admissions

3. Additionally, the Defendant has totally failed to abide by his responsibilities regarding discovery:

   a. The Defendant has made no response to Interrogatories and Production requests which were also served on or about February 23, 2006; and

   b. The Defendant has made no Automatic Disclosures pursuant to Rule 26(A) of the Federal Rules of Civil Procedure

4. Pursuant to the pertinent Local Rules, Plaintiff's Counsel has written to the Defendant's Counsel, informing him that he must contact Plaintiff's counsel to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's motions. Plaintiff's Counsel has not received any response from Defendant's Counsel.

Therefore, the Plaintiff moves for finding that, in accordance with Rule 36(a) of the Federal Rules of Civil Procedure, the Defendant has now made judicial admissions as to the requests for which there were no responses and/or objections within 30 days of the submission thereof. Specifically, the facts now deemed admitted are:

1. The Defendant is the same person as "David Cardillo" named in this lawsuit.

2. The Defendant is a resident of Chelmsford, Massachusetts.

3. On and after May 29, 2001 the Defendant resided at, 52 Warren Avenue, Chelmsford, MA, where Comcast's signals, including its premium and pay-per-view encrypted signals, were being delivered into the dwelling, in an encrypted form, pursuant to an account the Defendant maintained with Comcast.

4. On or about May 29, 2001 the Defendant ordered a certain descrambling device referred to as a Ultimate Universal Unit; said device being a non-addressable cable television descrambler (sometimes and hereinafter referred to as a "black box").

5. **Document A** that was attached to the Requests for Admissions is a good copy of a computer print out evidencing the Defendant's purchase of the black box on May 29, 2001 and that the Defendant used his Discover card.

6. The Defendant used a black box, to facilitate the unauthorized interception of Comcast's encrypted signals.

7. The Defendant received portions of Comcast's signals, its encrypted television programming, without authorization from or payment to Comcast.

8. The Defendant knew or should have known that receiving Comcast's signals, its television programming, without authorization or payment to Comcast was illegal and prohibited.

9. The Defendant's purchase of the black box was made with the intent to use the device for the unauthorized interception of communications service offered over a Comcast's cable system.

10. The black box was in working order at least up until the point the Defendant was contacted by Comcast regarding the Defendant's purchase of the black box.

11. The Defendant damaged the black box prior to the Defendant's surrender of the device in June 2002.

12. The Defendant surrendered the black box to Comcast in June of 2002 and **Exhibit B** that was attached to the Requests for Admissions is a good copy of the document that evidenced the Defendant's surrender of the device.

In support of this Motion, please see the attached Affidavit of John M. McLaughlin and the Memorandum in support of this Motion.

    Respectfully Submitted for the Plaintiff

    /s/John M McLaughlin
    John M. McLaughlin (BBO: 556328)
    **Green, Miles, Lipton & Fitz-Gibbon LLP**
    77 Pleasant Street
    P.O. Box 210
    Northampton, MA 01061-0210
    (413) 586-0865
    Attorney for Plaintiff,
    Comcast of Massachusetts III, Inc.

## CERTIFICATE OF SERVICE

      I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 25th day of April 2006, a copy of the foregoing Motion with the related Affidavit and Memorandum was sent via first class mail to:

Brian R. Sullivan
Sullivan & Sullivan, LLP
5 North Road
Chelmsford, MA  01824

                                              /s/John M McLaughlin
                                              John M. McLaughlin, Esq.

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF Massachusetts

| | |
|---|---|
| Comcast of Southern New England, Inc. ("Comcast") | ) Case No.: 1:05-cv-11157-RWZ |
| Plaintiff, | ) PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT |
| vs. | ) |
| David Cardillo | ) |
| Defendant | ) |

TO: DEFENDANT, David Cardillo
C/O Brian R. Sullivan
Sullivan & Sullivan, LLP
5 North Road
Chelmsford, MA 01824

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Comcast of Southern New England, Inc. (hereinafter "Comcast"), hereby requests that you answer the following Request for Admissions.

## INSTRUCTIONS

1. Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service. Pursuant to Federal Rules of Civil Procedure 36, you are being served with the original of the Request for Admissions. Please type your answers on the original in the space provided following each Request for Admission, or use additional pages, if necessary.

2. Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's

attorney shall be deemed admitted for purposes of the pending action. Please further note the following provision of Federal Rule of Civil Procedure 36(a):

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.
>
> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the Court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The Court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

## **DEFINITIONS**

As used herein:

1. The word "person" means any individual, firm, partnership, corporation, association, government agency or any other government-controlled business entity. All references to persons or entities also include all persons and/or entities acting on their behalf.

2. The terms "and" and "or" whenever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

3. The words "you" and "yours" as used herein refer to the party these discovery requests are served upon, and his or her employees, agents, officers, attorneys and all other representatives in their capacities as such. It is specifically intended that the definition of "you" and "yours" includes defendant's business names.

4. The name "David Cardillo" as used herein refers to the party upon whom these discovery requests are served, and his or her employees, agents, officers, attorneys, and all other representatives in their capacities as such.

5. The name "Comcast" as used herein refers to Plaintiff, Comcast of Southern New England, Inc. and/or its predecessor in interest, Mediaone of Southern New England, Inc. offering AT&T Broadband branded services.

## **REQUEST FOR ADMISSIONS**

1. Admit that you are the same person as "David Cardillo" named in this lawsuit.

2. Admit that you are a resident of Chelmsford, Massachusetts.

3. Admit that on and after May 29, 2001 you resided at, 52 Warren Avenue, Chelmsford, MA, where Comcast's signals, including its premium and pay-per-view encrypted signals, were being delivered into the dwelling, in an encrypted form, pursuant to an account you maintained with Comcast.

4. Admit that on or about May 29, 2001 you ordered a certain descrambling device referred to as a Ultimate Universal Unit; said device being a non-addressable cable television descrambler (sometimes and hereinafter referred to as a "black box").

5.  Admit that the attached **document A** is a good copy of a computer print out evidencing your purchase of the black box on May 29, 2001 and that you used your Discover card.

6.  Admit that you used a black box, to facilitate the unauthorized interception of Comcast's encrypted signals.

7.  Admit that you received portions of Comcast's signals, its encrypted television programming, without authorization from or payment to Comcast.

8.  Admit that you knew or should have known that receiving Comcast's signals, its television programming, without authorization or payment to Comcast was illegal and prohibited.

9. Admit that the purchase from of the black box was made with the intent to use the device for the unauthorized interception of any communications service offered over a Comcast's cable system.

10. Admit that the black box was in working order at least up until the point you were contacted by Comcast regarding your purchase of the black box.

11. Admit that you damaged the black box prior to your surrender of the device in June 2002.

12. Admit that you surrendered the black box to Comcast in June of 2002 and that the attached document, **Exhibit B**, is a good copy of the document that evidenced your surrender of the device.

REQUEST FOR ADMISSIONS dated this 27 day of February 2006.

John M. McLaughlin (BBO: 556328)
Green, Miles, Lipton & Fitz-Gibbon LLP
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
Attorney for Plaintiff,

Comcast of Southern New England, Inc.

Our Order Tracking ID: 99116343527
Order Date: Tue May 29 15:09:55 2001

Shipping and Billing Address:
David Cardillo
52 Warren Avenue
Chelmsford, Massachusetts 01824

Telephone: (

Email:

Payment Info: Credit Card Online  Credit Card: Discover

Ship Via: Credit Card Order - UPS Shipping ($20.00)

Ordered: 1 Ultimate Universal Unit
Charge: $239 (Unit Cost + Freight)

Commission Earned: $88.87 - $15 S/H = $73.87



12/04

EXHIBIT
A

.../OrderListing.asp?Confirmation_Action=Filter%28%22++TransactionStatus+%3D+%27Order+Rec  5/30/01

EXHIBIT B

AT&T | BROADBAND

Chris Cardillo
52 Warren Ave.
Chelmsford, Mass. 01824
8773 1029 4011 0614

06/13/02  815 pm

Removed 1 Global decoder from above acct. Not working.

I, the undersigned customer or designated signatory, hereby confirm installation of service, the numbered converter(s), descrambler(s), channel key(s), remote unit(s), and/or the performance of other service by the service technician, and I acknowledge that I have received and read a copy of this agreement and that I have received a copy of the 'Subscriber Privacy Notice" contained in the installation materials. And in consideration of the installation of service, converter(s), descrambler(s), channel key(s), and/or remote unit(s), and/or the performance of other service by the service technician, the customer agrees to and will abide by the terms and conditions of the agreement as set forth on the reverse side of this document.

Date: 6/11/02    Customer: _____

OFFICE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc. ("Comcast")** ) | Case No.: 1:05-cv-11157-RWZ |
| ) | |
| ) | **AFFIDAVIT OF JOHN M.** |
| Plaintiff,    ) | **MCLAUGHLIN IN SUPPORT OF** |
| ) | **PLAINTIFF'S MOTION IN LIMINE** |
| vs.    ) | |
| ) | |
| **David Cardillo**    ) | |
| ) | |
| Defendant    ) | |
| ) | |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. On February 23, 2006, my office made and served upon the Defendant's Counsel Request for Admissions (see **Exhibit A** to motion);

2. Plaintiff's Requests for Admissions specifically contained the following warnings/statements:

    "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

    and

    "Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. To date, the Defendant's Counsel has made no response whatsoever to the Requests for Admissions served upon him.

4.  On February 23, 2006 I also served interrogatories and production requests on the Defendant and I have received no response whatsoever as to these Discovery requests.

5.  I have not received any automatic disclosures from Defendant's Counsel.

6.  Pursuant to the pertinent Local Rules, I wrote to the Defendant's Counsel informing him that he must contact me to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's motions. I have not received any response from Defendant's counsel. A copy of my letter, dated April 7, 2006, is the attached hereto as **Exhibit A.**

Subscribed and sworn to, under the pains and penalties of perjury, this 25th day of April, 2006.

/s/ John M. McLaughlin
John M. McLaughlin (BBO 556328)
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P. O. Box 210
Northampton, MA 01061-0210
(413) 586-0865

**GREEN, MILES, LIPTON & FITZ-GIBBON, LLP**
ATTORNEYS AT LAW
77 PLEASANT STREET
POST OFFICE BOX 210
NORTHAMPTON, MASSACHUSETTS 01061-0210
(413) 586-8218
FAX (413) 584-6278



EXHIBIT A

John J. Green, Jr.
Harry L. Miles
Roger P. Lipton
John H. Fitz-Gibbon
John M. McLaughlin

Susan L. Miles
Brian L. Blackburn
Jon Heyman
(Geoffrey B. White- Retired)

April 7, 2006

Brian R. Sullivan
Sullivan & Sullivan, LLP
5 North Road
Chelmsford, MA  01824

Dear Attorney Sullivan:

     On February 23, 2006, we served Request for Admissions, Request for Production, and Interrogatories. We have received no response, no objection, no motion, no phone calls, and no correspondence on these matters. It is our intent to move for a Motion to Compel as to the Request for Production and Interrogatories. As to the Request for Admissions, it is our contention that they are all now deemed admitted.

     Pursuant to local rule 7.1(A)(2) we should confer, and I hereby request that you contact me to confer before I file subject motions. Also, pursuant to local rule 37.1(A) you are given notice of my request to confer in light of the fact that the subject motions involve discovery. Bear in mind that since you have received written notice of my intent to confer, failure to confer with me on these motions after 7 days can be grounds for the automatic allowance of my motions.

                             Very truly yours,

                             Green, Miles, Lipton & Fitz-Gibbon LLP

                             John M. McLaughlin

JMM/hld