UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc.** ("Comcast") )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**David Cardillo** )<br>)<br>Defendant )<br>) | Case No.: 1:05-cv-11157-RWZ<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE** |

Rule 36(a) of the Federal Rules of Civil Procedure provides in part

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service on the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or the party's attorney."

As set forth in the accompanying affidavit:

1. The Plaintiff made specific Requests for Admissions and served those upon the Defendant's Counsel on February 23, 2006;

2. Although these Documents were being sent to an Attorney, the Requests for Admissions made by the Plaintiff nonetheless specifically contained the following warnings/statements:

> "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

And

> "Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. There has been no response whatsoever from the Defendant;

4. Additionally, the Defendant has totally failed to abide by his responsibilities regarding Discovery:

    a. The Defendant has made no response to Interrogatories and Production requests which were also served on or about February 23, 2006; and

    b. The Defendant has made no Automatic Disclosures pursuant to Rule 26(A) of the Federal Rules of Civil Procedure

5. Pursuant to the pertinent Local Rules, Plaintiff's Counsel has written to the Defendant's Counsel informing him that he must contact Plaintiff's Counsel to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's Motion. Plaintiff's Counsel has not received any response from Defendant's Counsel.

Accordingly, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the request made upon the Defendant must be deemed admitted.

There are no mitigating factors, which might, in certain circumstances, justify allowing the withdrawal or amendment to any admissions. Also, in light of the fact that

Defendant has totally reneged on his obligations as to Discovery, the Plaintiff would be woefully prejudiced by any allowance of a withdrawal or amendment as to the Admissions.

Courts have consistently found that the failure to timely respond to Request for Admissions results in the requests being deemed admitted. See *Hulsey v. Texas*, 929 F.2d 168 (5th Cir. 1991). Even a tardy response can lead to the requests being admitted. See *United States v J.B.A Motorcars, Inc*. 839 F.Supp 1572 (S.D. Fla.1993); and An-Port, Inc. v MBR Indus., 772 F. Supp. 1301 (D.P.R. 1991).

Accordingly, all of the requests made by the Plaintiff should be deemed admitted. With all of the requests admitted, the trial in this matter will amount to little more than legal argument and a hearing on damages. It is also possible that allowance of this Motion will allow for the granting of Summary Judgment in this matter.

Respectfully Submitted for the Plaintiff

4/25/06__

/s/John M mcLaughlin
John M. McLaughlin (BBO: 556328)
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
Attorney for Plaintiff,
Comcast of Massachusetts III, Inc.